# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 23, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH A. COOKE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0184** (BOR Appeal No. 2048638)
                    (Claim No. 980022746)

**SWVA, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph A. Cooke, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2014, in which the Board affirmed a July 31, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 12, 2012, decision which denied authorization for bilateral digital phonak virto in-the-ear hearing aids. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cooke, a millwright and welder, developed hearing loss as a result of his employment and was granted an 8.8% permanent partial disability award on December 10, 1997. Mr. Cooke was fitted with bilateral in-the-ear hearing aids in October of 2007. On April 6, 2011, R. Austin Wallace, M.D., performed an independent medical evaluation. Mr. Cooke reported hearing loss as of 1997. Dr. Wallace found that his hearing was actually better at 500 hertz in April of 2011 than it was in October of 1997. His hearing at 1000, 2000, and 3000 hertz was slightly worse; however, Dr. Wallace found that the test reliability was suspect because Mr.

1

Cooke was evaluated by the audiologist twice and performed better on the second exam when challenged. Also, he was able to hear soft speech without his hearing aids. Dr. Wallace opined that Mr. Cooke was fully compensated for his hearing loss by his 8.8% permanent partial disability award. Any progression of his hearing loss after 1997 was not occupationally-related and was instead the result of age-related hearing loss.

Thomas Jung, M.D., performed an independent medical evaluation on February 22, 2012. At that time, Mr. Cooke reported a history of hearing loss, especially since 2009. Dr. Jung noted that Mr. Cooke had undergone numerous audiograms. Dr. Jung opined that his prior 8.8% impairment award most likely represents an adequate assessment of his hearing loss. However, he found that given the ear protection available and Mr. Cooke's reported compliance with company policies regarding hearing loss, it is difficult to attribute the hearing loss to occupational exposure. He stated that the impairment is most likely the result of progressive age-related sensorineural hearing loss. Dr. Jung performed a repeat audiogram on June 18, 2012, which was virtually identical to the one conducted in February of 2012. He opined that his February and June of 2012 audiograms were the most accurate assessments of Mr. Cooke's impairment and were consistent with his previous permanent partial disability award. In a letter dated September 4, 2012, Dr. Jung clarified that calculation of Mr. Cooke's whole person impairment is difficult because of concerns of possible malingering, temporary shifts, varied discrimination scores, and varied sensorineural hearing loss findings. He found that his previous assessment of 8.8% impairment appears to accurately reflect Mr. Cooke's true whole person impairment. He also reiterated that the hearing loss was the result of age-related changes, not occupational noise exposure because Mr. Cooke complied with hearing safety standards.

Barb Danford, Au.D., CCC-A, stated in a December 3, 2012, letter that Mr. Cooke's current hearing aids are insufficient for his current audiogram. She requested authorization for bilateral digital phonak virto in-the-ear hearing aids. The claims administrator denied the request on December 12, 2012. The Office of Judges affirmed the decision on July 31, 2013. The Office of Judges found that Dr. Jung's three reports were persuasive. He found that the 8.8% permanent partial disability award was in line with Mr. Cooke's numerous audiograms. Dr. Jung stated that any decremental hearing loss that Mr. Cooke has is likely due to age-related hearing loss or a possible genetic component, not occupational noise exposure. The Office of Judges noted that it previously affirmed a claims administrator decision on December 27, 2012, that granted Mr. Cooke no additional permanent partial disability award beyond the previously granted 8.8% award. The Office of Judges found in that decision as well that Dr. Jung's reports were persuasive. The Office of Judges determined that the last audiogram of record was dated December 3, 2012, and was performed by Ms. Danford. She stated that Mr. Cooke's hearing loss had progressed, and his current hearing aids were insufficient. The Office of Judges concluded that Dr. Jung's June 18, 2012, audiogram was close enough in time that his opinion was still reliable. Ms. Danford's opinion, that any hearing loss Mr. Cooke has suffered since he was last fit for hearing aids in October of 2007 is the result of occupational noise exposure, was found to be unpersuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on January 29, 2014.

On appeal, Mr. Cooke argues that the fact that he may be suffering from additional hearing loss unrelated to his employment does not remove SWVA, Inc.,'s responsibility to provide him with updated hearing aids. SWVA, Inc., asserts that Mr. Cooke has had no noise exposure since retiring, his authorized hearing aids were functioning normally, and his audiograms reveal a pattern of deliberate malingering. Also, his request for new hearing aids is for further non-occupational hearing loss.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Cooke is sixty-nine years old and has a date of last exposure to occupational noise of October 20, 1997. Drs. Wallace and Jung both determined that his decremental hearing loss is not the result of occupational noise exposure and is instead the result of age-related hearing loss. The Office of Judges and Board of Review committed no error by finding their opinions to be more persuasive than that of Ms. Danford.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  January 23, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman